[No. 10418.   Department Two.   September 12, 1912.]

BLAKE-RUTHERFORD FARMS COMPANY, *Appellant*, v. HOLT
MANUFACTURING COMPANY, *Respondent*.[1]

SALES—BREACH OF WARRANTY—REMEDIES OF PURCHASER — DAM-
AGES—RESCISSION—ELECTION.   A cause of action for the rescission
of the purchase of a traction engine and return of the purchase
price for breach of warranty, is inconsistent with a cause of action
to recover damages for loss of profits upon work undertaken by
the plaintiff for other people upon representations as to the effi-
ciency of the engine; and an election is properly required.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE.   In an action for
breach of written warranty of a traction engine, the admission of
oral evidence as to negotiations merged in the written agreement
is not prejudicial, where the oral representations did not go beyond
the implied warranty that the machine was adapted to the purpose
for which it was sold.

APPEAL—REVIEW—FINDINGS.   Findings on conflicting evidence
where the witnesses were heard below at first hand are entitled
to much weight on appeal.

Appeal from a judgment of the superior court for King
county, Main, J., entered February 17, 1912, upon findings
in favor of the defendant, after a trial on the merits before
the court without a jury, in an action for rescission.   Af-
firmed.

*Milo A. Root*, for appellant.

*Hughes, McMicken, Dovell & Ramsey*, for respondent.

PER CURIAM.—In this case the complaint set up two causes
of action.   In the first, the plaintiff sought a rescission of
the purchase of a traction farm engine, known as a "cater-
pillar," and a return of the purchase price.   In the second,
it sought to recover damages for loss of profits upon work
which the plaintiff claimed to have undertaken to do with the
engine for other people, upon the strength of certain alleged

[1]Reported in 126 Pac. 418.

representations of the defendant as to the amount and character of work which the engine would perform. A demurrer to the complaint was sustained upon the ground that the two causes of action were inconsistent. The plaintiff elected to proceed upon its first cause of action, saving an exception to the court's ruling upon the demurrer. A trial was had to the court without a jury. From a judgment in favor of the defendant, the plaintiff has appealed.

The appellant contends that the court erred in sustaining the demurrer to the complaint, which ruling in effect eliminated its second cause of action. This phase of the case is effectually disposed of by a reference to the case of *Houser & Haines Mfg. Co. v. McKay*, 53 Wash. 337, 101 Pac. 894, 27 L. R. A. (N. S.) 925, wherein this court, a majority concurring, decided this same question adversely to the appellant's contention. The second cause of action was properly eliminated.

As a ground for a rescission, the appellant sought to show that the engine did not meet certain warranties as to construction and efficiency which it is claimed were made by the respondent to induce the sale.

The original contract of sale was in the form of a written order, signed by the appellant, and accepted by the respondent by an agent through whom the sale was negotiated. It provided for payment of $1,500 with the order, and the balance of $2,500 thirty days after shipment. It contained language which the trial court rightly construed in its findings as a warranty that the engine was constructed of good materials and by good workmanship. This was the only express warranty contained in the contract. The home office of the respondent at Stockton, California, declined to approve the contract as to the terms of payment, and insisted upon the payment of the $2,500 upon delivery of the engine to the appellant at Kennewick, Washington. The appellant finally agreed to this modification, and accepted the

engine and paid the $2,500 upon the delivery of the engine at Kennewick. There was no evidence sufficient to show a cancellation of the contract or any modification thereof in any particular, save as to this payment.

The respondent objected to the admission of any evidence as to representations made during the negotiations for the sale prior to the making of this contract, on the ground that these negotiations were merged in the written agreement. The court, however, permitted the widest range of inquiry, and found that the respondent, prior to the sale and delivery of the engine, represented that it would, with proper care and management, furnish power to plow from 25 to 30 acres of land a day, and that the cost of operation for power and lubricating oils would, under proper management, make the use of the engine economical. While this evidence was not strictly admissible in the absence of any claim of fraud, in view of the reduction of the contract to writing without incorporating therein these things as warranties, its admission was not seriously prejudicial, since on a sale of machinery there is always an implied warranty that the machine is adapted to the purpose for which it was sold.

The court, after a very full hearing of evidence on both sides, found that the engine was of good material and workmanship; that it was suited to perform, and did perform, the work for which it was sold; that under proper care it consumed a reasonable amount of fuel and lubricants; that the cost of repairs was not unreasonable; that any difficulties encountered in the operation of the engine were not due to any fault of the respondent nor to any defect in construction, but were due solely to the failure of the appellant to properly operate and care for the engine.

A careful consideration of all of the evidence leads us to the conclusion that these findings were supported by evidence at least as credible and convincing as that adduced to the contrary. The burden of establishing the grounds of rescission asserted was upon the appellant. We cannot say that

it has sustained this burden by a preponderance of the evidence. This is a trial *de novo*, but in a case where, as here, there is a direct conflict in the evidence, the findings of the trial court, who heard the testimony of witnesses at first hand, are entitled to much weight. *Falls City Machinery & Supply Co. v. Goodstein*, 69 Wash. 549, 125 Pac. 786.

A discussion in detail of the three hundred pages of testimony composing the statement of facts would extend this opinion to a tedious length without any profit to any one. The findings of the trial court, which a most painstaking examination of the record impels us to approve, clearly preclude a rescission. The judgment is affirmed.