598

HOMER SOULES, *Appellant*, v. ELZIE B. COX *et al.*, *Respondents.*[1]

*Rosling, Williams, Lanza & Kastner*, for appellant.

*D. Van Fredenberg* and *J. Dimmitt Smith*, for respondents.

FINLEY, J.—This is an action by the plaintiff buyer to recover a sum paid as earnest money on two earnest-money agreements. The two agreements, each dated April 18, 1956, covered adjacent properties and, with the exception of descriptions and amounts, were identical in terms.

[1]Reported in 335 P. (2d) 476.

Each agreement contained an addendum which provided that the buyer's offer was contingent upon the acceptance of the offer made in the other earnest-money agreement; that, if without fault of the buyer he was unable to complete the purchase of the land described in the other agreement, he could terminate the agreement, and all earnest money would be returned to him.

In this action the plaintiff seeks to rescind both agreements on the ground that Mr. Cox (one of the defendants and the seller of the parcel of land covered by one of the agreements) breached or failed to comply with the terms of the pertinent earnest-money agreement. In discussing the facts, we shall refer to the agreement entered into between plaintiff and Cox as if it were the only agreement, and to Mr. Cox as if he were the sole defendant.

The earnest-money agreement provides, *inter alia*, that title of the seller is to be insurable and free from encumbrances; that encumbrances to be discharged by seller may be paid out of purchase money at date of closing; that the seller agrees to furnish and deliver to office of the closing agent, as soon as procurable, a standard form of purchaser's policy of title insurance, or a preliminary report thereto; that, if title is not insurable as above provided and cannot be made insurable within thirty days from date of title report, the earnest money will be refunded, and all rights of purchaser terminated; that the sale shall be closed September 1, 1956; that the purchaser and seller will deposit in escrow all instruments and moneys necessary to complete the purchase in accordance with this agreement.

Pursuant to these provisions, an escrow was opened, and the earnest money was deposited in this escrow. A preliminary title report was issued on May 16, 1956. This report showed that title to the parcel of land covered by the agreement was vested in one J. Wilson Gaw, subject to a contract of sale between Mr. Gaw and his wife, as vendors, and Mr. Cox and his wife, as vendees; further, that the property was subject to a lien for general taxes. The report also revealed that the executory contract, or a copy thereof, was recorded in the office of the county auditor.

On September 1, 1956, the date designated in the earnest-money agreement as the closing date, the plaintiff did not tender the balance of the purchase price due. The earnest-money agreement provided that the transaction was a cash one, and that payment was to be completed on the closing date. On September 12, 1956, plaintiff served a notice of rescission on the defendant; on September 13, 1956, the defendant served on plaintiff a notice of forfeiture of the earnest-money deposit.

Plaintiff appeals from the judgment of the trial court awarding to the defendant, on his cross-complaint, the earnest-money deposit.

It is the provision in the agreement reading,

"If title is not insurable as above provided and cannot be made insurable within 30 days from date of title report, earnest money shall be refunded . . . ,"

which has given rise to this litigated controversy. Appellant agrees that it was not necessary for respondent to pay the balance owed on the executory contract of sale prior to the closing date. However, appellant argues that this provision required respondent, within thirty days from date of the title report, to furnish appellant with evidence that respondent's interest in the property or title was such that on the date of closing all encumbrances could be cleared. Appellant contends that, since the executory contract between Gaw and defendant was never introduced into evidence, there is no way to determine whether the contract contained an acceleration clause allowing it to be paid off in full on September 1, 1956.

Assuming, *arguendo*, that appellant's interpretation is correct; and assuming further, that a breach of this provision would excuse appellant's failure to tender the balance of the purchase price; nevertheless, the judgment in this case should be affirmed.

■■ The burden of proving that respondent breached this agreement rested upon the appellant. *Blake-Rutherford Farms Co. v. Holt Mfg. Co.* (1912), 70 Wash. 192, 126 Pac. 418. Appellant has not sustained this burden. Actually,

when the respondent furnished appellant with a copy of the title report showing that the executory contract was on file in the auditor's office, appellant readily could have ascertained whether the contract provided for acceleration of payment. During the trial of the case, appellant made no attempt to prove the terms of the Gaw-Cox contract. It has not been established that respondent's title was not insurable, within the terms of the agreement, thirty days after the title report was furnished. It follows that the appellant has failed to prove that respondent was in breach of the earnest-money agreement. This was essential to entitle appellant to rescind the earnest-money agreement.

For the foregoing reasons, the judgment in the instant case should be affirmed. It is so ordered.

WEAVER, C. J., MALLERY, HILL, and ROSELLINI, JJ., concur.