# Abraham Bros. v. Browder.

*Action for Breach of Warranty.*

1. *Sale; breach of warranty; when not shown, and when action therefor can not be maintained.*—When in his complaint, a plaintiff claims "damages for a breach of warranty in the sale of a mule, * * * which mule the defendants warranted sound in all respects, except a small wound on one of said mule's feet, and which wound they (defendants) warranted not to injure said mule for thirty days, * * * when in fact said mule at that time was badly diseased, * * * and had since had lockjaw," and the proof shows that in making the sale the defendants guaranteed that a wound in the mule's foot would not cause him to lose a day's work for thirty days, they agreeing to refund purchase price if it did; that as a matter of fact the mule was disabled within such time on account of such foot, and that plaintiff returned the mule and demanded his money returned, which was refused by defendants, but there was no proof of damages sustained on

[Abraham Bros. v. Browder.]

account of the mule's inability to work during the thirty-days, there is shown no ground for recovery for breach of warranty, and the plaintiff is not entitled to maintain such form of action, although the facts proven authorized a recovery for money had and received.

2. *Action for breach of warranty; rescission of contract no foundation for such suit.*—To support an action for a breach of warranty, there must be shown to be a subsisting contract between the parties; and proof of the rescission of the contract out of which the warranty is alleged to have arisen furnishes no foundation for the maintenance of such action.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN G. WINTER.

This action was brought by the appellee, J. F. Browder, against the appellants, Abraham Brothers, and sought to recover damages for the breach of warranty for the sale of a mule to the plaintiff. The facts of the case are sufficiently stated in the opinion.

Judgment was rendered for the plaintiff. Defendants bring the present appeal, and assign as error the rendition of judgment for the plaintiff, and the overruling of defendants' motion for a new trial.

GRAHAM & STEINER, for appellants.—The plaintiff can not maintain an action for breach of warranty, on the proof in this case. He should have brought an action for money had and received.—2 Benj. on Sale, §§ 918, 1347, *et seq.*

JOHN W. A. SANFORD, JR., *contra.*—The plaintiff showed his right of recovery. The facts proven showed a complete rescission of the contract.—*Pritchett v. Munroe,* 22 Ala. 502; *Perry v. Johnston,* 59 Ala. 648; *Brown v. Freeman,* 79 Ala. 406; *Thompson v. Harvey,* 86 Ala. 519; *Gill v. Daily,* 105 Ala. 323.

COLEMAN, J.—The plaintiff Browder sued for a breach of warranty upon the following complaint: "The plaintiff claims of the defendants fifty dollars damages for a breach of warranty in the sale of a mule by them to plaintiff on 1st day of March, 1895, which mule the defendants warranted sound in all respects, except a small wound on one of said mule's feet, and which wound they warranted not to injure said mule for thirty days from date of sale, when in fact said mule at that

[Abraham Bros. v. Browder.]

time was badly diseased, and was threatened with, and has since had lock-jaw."

The case was tried by the court without a jury, and judgment rendered for the plaintiff, for $53.90. The errors assigned are, that the court erred in rendering judgment for the plaintiff, and in overruling defendants' motion for a new trial.

We think it evident that the judgment of the court was for the money paid by the plaintiff in the purchase of the mule and the interest thereon; and we may go further and say that if plaintiff had sued for money had and received the evidence authorized the judgment in such an action; but the question is, whether the judgment rendered was authorized under the evidence in the form of action instituted. The action is for a breach of warranty in the sale of a mule. To entitle the plaintiff to recover, he must prove his case as laid in the complaint. We will take the evidence of the plaintiff himself. So far as material on the issue, it is literally as follows: "On or about the first of March, 1895, plaintiff bought from defendants a mule, for which he paid fifty dollars. Defendants told plaintiff that the mule had a defective foot, and the mule was at the time, a little lame from the foot, but defendants guaranteed that the mule would not lose a day's work on account of the foot for thirty days; and told plaintiff if the mule did lose a day's work within thirty days, on account of the foot, to bring him back, and defendants would give him back his money. Plaintiff further testified that the mule was unable to do work within thirty days; and in fact within a very few days after he sent the mule out to his farm, the mule could not do any work on account of his foot. He further testified, that he brought the mule back * * * and left it at stable of defendants, * * * and asked for the return of his money. Defendants refused to return his money." There was evidence to show that after the return of the mule, it died from lock-jaw caused by the diseased foot, but how long afterwards does not appear. There is other evidence in the case, but unless that we have set out, sustains the plaintiff's case, there is none to which the judgment can be referred.

By the terms of the agreement, the parties stipulated, that if the mule lost any time within thirty days, the

plaintiff had the right to return the mule and get his money. The plaintiff availed himself of this provision in the contract, returned the mule, and demanded the money. The refusal of the defendants to repay the money subjected them to an action in assumpsit for its recovery.

There is no evidence that the mule was unsound except as to the lame foot, and this defect was pointed out at the time of the sale. The only guarantee proven was that the mule would lose no time on account of its lameness, for thirty days. The action is not to recover damage sustained in consequence of the loss of time from work during the thirty days, and besides there is not a particle of evidence as to the extent of damages sustained on account of the failure of the mule to work during the period of thirty days covered by the guaranty. Appellee contends in his argument that there had been a complete rescission of the contract, and cites authority to sustain his contention. Certainly if this be true, there is no foundation for the present action. There must be a subsisting contract to support an action for a breach of warranty. If the facts justify it, a buyer may rescind a contract and sue for the purchase money paid ; or he may sue and recover damages for a fraud practiced upon him ; or he may affirm the contract and maintain an action for breach of warranty. He can not insist that a contract has been rescinded, and yet recover on the contract.

In any aspect we view the case, the judgment rendered was erroneous, and a new trial should have been granted.

Reversed and remanded.