[No. 10469.   Department One.   November 9, 1912.]

ADAM THOMPSON, *Respondent*, v. IDA M. RHODEHAMEL,
*Appellant*.[1]

SALES—RESCISSION—RECOVERY OF DAMAGES—INCONSISTENT REM-
EDIES—ELECTION.  The rescission of a sale, and the recovery of
damages by way of recoupment, are inconsistent remedies, and can-
not be maintained concurrently, but the party should be required
to make an election.

ELECTION—RESCISSION AND RECOUPMENT—PRESUMPTIONS—CHAT-
TEL MORTGAGES—FORECLOSURE—DEFENSES.  In an action to foreclose
a chattel mortgage, the property being in the possession of the
plaintiff, in which the defendant pleads a rescission for fraud and
asks damages by way of recoupment, in the absence of an election
it will be assumed that the defendant relies primarily on the defense
of rescission.

SALES—RESCISSION—DILIGENCE.  Where defendant purchased a
lodging house of plaintiff, and gave notes and a chattel mortgage
upon representations that plaintiff had a valid lease of the building
and upon his contract to give a lease for two years, and subse-
quently the owner gave notice that the plaintiff had no lease, the
defendant is not estopped from rescinding by delay until eviction
four months later, where the plaintiff denied the owner's statement,
and claimed at all times that he had a valid lease of the building,
the facts being in doubt and disputed; since diligence is a relative
question, and defendant had a right to rely on plaintiff's assurance.

Appeal from a judgment of the superior court for King
county, Myers, J., entered November 27, 1911, in favor of
the plaintiff, after an advisory verdict of a jury favorable
to the defendant, in an action to foreclose a chattel mort-
gage.  Reversed.

*Moncrieffe Cameron*, for appellant.

*G. E. Steiner* and *Walter B. Beals*, for respondent.

CHADWICK, J.—In March, 1910, Adam Thompson, the
plaintiff, was negotiating with the owners of a certain build-
ing in the city of Seattle for a lease of the upper floors of

[1]Reported in 127 Pac. 572.

the building which was then occupied by him as a lodging house. He represented to defendant that he had a lease for the building. Accordingly defendant paid the sum of $50 to bind the bargain for the lodging house, and thereafter paid the sum of $750 upon the representation that plaintiff had a lease corresponding with a form exhibited to her at the time. Defendant at the same time executed notes aggregating $1,700, and secured the same with a chattel mortgage upon the furnishings in the lodging house. It transpired that the lease first sent to the owners, who were at the time in the city of Los Angeles, was unsatisfactory to them; they accordingly made some modifications, and signed a lease and sent it to their agent in Seattle, who gave it to the plaintiff to be executed by him and his wife. The lease was made in duplicate. Both copies were taken by the plaintiff. Neither of them was ever returned to the agent of the owner. Although this is denied by plaintiff, we think the preponderance of the testimony shows that plaintiff refused to sign or return the lease, stating as his reason therefor that he would not do so until certain allowances were made for repairs.

Defendant paid rent until the first day of October. After she had drawn a check for the October rent, and had caused it to be sent to plaintiff, notice was served on her by the owner of the building to vacate, and payment of the check was stopped. The same notice was served on plaintiff. Defendant was thereafter evicted, the property covered by the mortgage was set out in the street, and plaintiff took possession of it and began this action to foreclose his chattel mortgage. Defendant answered, setting up fraud and misrepresentation in that she was assured that plaintiff had a lease for the premises and that she could retain the peaceable possession of the premises for the time stipulated in her contract with plaintiff. She asks for a decree rescinding the contract, and for the return of the money paid on the purchase price. She sets up a second cause of action asking for

damages. Plaintiff, by way of reply, and upon the trial, contends that defendant cannot rescind, for the reason that, as early as June, 1910, she had notice, or was informed of facts sufficient to put her upon notice, of the fact that the owner denied that plaintiff had a lease for the lodging house, and that by her acquiescence she has assented to that condition and is without remedy.

A jury was called to advise the court. Upon the return of its verdict holding that plaintiff was guilty of misrepresenting the facts concerning the lease to defendant, the court decided that defendant could not rescind, but was bound by the terms of her contract. This ruling was later modified, the court allowing defendant the sum of $600 by way of recoupment. Upon the settlement of the pleadings, and at all times, plaintiff insisted that defendant could not rescind and at the same time recover damages by way of recoupment, and at all seasonable times moved for an election. In this, we think, plaintiff was right. It is an old rule, still adhered to by this court, that the remedies are inconsistent and cannot be concurrently maintained. *Houser & Haines Mfg. Co. v. McKay*, 53 Wash. 337, 101 Pac. 894, 27 L. R. A. (N. S.) 925. Therefore, in allowing $600 by way of damages, the court erred. In the absence of an election, and with a plea for rescission, the property being in the possession of the plaintiff under foreclosure proceeding, we will assume that defendant relies primarily upon her defense of rescission. The question then is, Can defendant rescind under the facts disclosed?

The court was seemingly of the opinion that, because defendant had some notice in June that the representations made by plaintiff were untrue, and continued to treat the property as her own until October, she is not entitled to rescind, under the authority of *Eldridge v. Young America etc. Min. Co.*, 27 Wash. 297, 67 Pac. 703. That case goes no further than to affirm the general principle that one who is in possession of all the facts must, if he seek rescission on

that ground, act promptly; that one, being informed, cannot treat the property as his own and have rescission. In this case we are satisfied that defendant had no such knowledge or means of information; that is, no means that would put the burden of action upon her. The inducement to her contract was that plaintiff had a lease for at least one year, with the privilege of another, and that she might occupy the premises for a possible term of two years. Although informed by the owner that plaintiff had no such lease, her own landlord, the plaintiff here, insisted at all times, and even insisted upon the trial, that he had such lease. To deny defendant her remedy upon such a showing of fact would be to give an advantage to plaintiff that the law has not hitherto countenanced. Plaintiff cannot be heard to say that his vendee was bound to reject his assurance as untrue and rely upon that of the owner. As between the two, the law will rather sustain defendant in following the assurance of the one who stood in a contractual relation to her. She had paid him $800 in money, and had obligated herself to pay $1,700 more, and it was to him that she was bound to look for protection in her possession.

Plaintiff's position is that defendant owes him the full measure of her bond, because she should have known he had no lease, notwithstanding his contract to give her a lease and his assurance at all times that he had one. He cannot avail himself of defendant's mistake when, but for him, she might have protected herself at an earlier date. Rescission is denied where the facts are plain and were understood, or might with reasonable diligence have been understood; not where the facts are disputed or concealed. Diligence or want of diligence in this class of cases cannot be measured arbitrarily. This is the import of the case of *Freeman v. Gloyd*, 43 Wash. 607, 86 Pac. 1051. We believe the rule to be universal in this country that upon rescission the property must be returned within a reasonable time. The rule is likewise established that what is a reasonable time is a relative

question to be determined by the facts of the instant case.

The judgment of the lower court is reversed, with instructions to enter a judgment in favor of defendant, allowing rescission of her contract and such other relief as is consistent with this opinion.   Reversed.

MOUNT, C. J., GOSE, CROW, and PARKER, JJ., concur.