[No. 11450.    Department One.    January 15, 1914.]

## HOLT MANUFACTURING COMPANY, *Appellant*, v. GEORGE STRACHAN *et al.*, *Respondents and Cross-Appellants.*[1]

SALES—BREACH OF WARRANTY—RESCISSION—DAMAGES. Purchasers of a combined harvester and threshing machine, upon rescinding the sale, cannot recover damages for loss of crops and expenses incurred in attempting to harvest their crops.

ELECTION OF REMEDIES—CONCLUSIVENESS. A definite election of one of two inconsistent remedies, by a party cognizant of the material facts is conclusive, and bars recovery on the alternative remedy.

APPEAL—REVIEW—HARMLESS ERROR. In an action for the price of a combined harvester and threshing machine, defendants' election at the first trial to keep the machine and recover damages, does not necessarily make it reversible error to allow, at the second trial, an answer setting up a rescission, where on the undisputed facts, there was either a settlement or a rescission, and the court by reducing the verdict held the defendants to the theory of a rescission.

SALES — RESCISSION — RETURN OF CONSIDERATION — STATU QUO. Where, upon the sale of a combined harvester and threshing machine, the purchasers were allowed a credit of $800 for a half interest in machines previously sold, and which machines remained in their possession, they cannot, on rescinding the sale, recover $800 as though a payment in money had been made; since the vendor is entitled to be placed in statu quo, and the vendees' possession of the old machines is a sufficient return of the consideration and satisfies the law.

Cross-appeals from a judgment of the superior court for Whitman county, McCroskey, J., entered February 28, 1913, upon the verdict of a jury rendered in favor of the defendants, in an action on promissory notes. Modified.

*Samuel P. Weaver*, and *J. M. McCroskey*, for appellant.

*Milan Still*, for respondents and cross-appellants.

[1]Reported in 137 Pac. 1006.

CHADWICK, J.—Plaintiff and defendants had certain transactions running over a period of years, during which time two combined harvester and threshing machines were sold by plaintiff to defendants and for which notes were given. In June, 1911, plaintiff sold to defendants another combined machine for the sum of $3,575. For this, several notes were given, and $800 was credited upon the purchase price, and for which plaintiff took a one-half interest in the two machines previously sold. The last machine was returned in the fall of 1911, plaintiff says under an agreement and settlement, and defendants say because they were ordered by plaintiff so to do. Plaintiff brought this action to recover upon certain notes made in previous years, and for $750 which it says defendants were to pay on the settlement for the use and wear of the machine during the season of 1911, and for $106 alleged to be due for extras, supplies, etc.

Two trials have been had in the lower court. The case was first tried on the third amended answer. The trial judge held that, by their answer, the defendants had elected to keep the machine, and might recover the damages suffered while attempting to use it. A verdict was returned in favor of the plaintiff; a new trial was granted on grounds not now material, whereupon, and over the protest and objection of plaintiff, defendants were allowed to file a fourth amended answer. The trial court construed this answer to be a plea of rescission, and instructed the jury that the measure of defendants' recovery was the amount paid upon the purchase price. The jury returned a verdict for $3,775 in favor of the defendants. On motion for a new trial, the court made the alternative order that, unless defendants remitted all of their judgment in excess of $800, a new trial should be had. Defendants filed a written remission of their judgment, and plaintiff has appealed.

Many errors are assigned, most of them growing out of the confused record and manner of making up the issues. As we view the case, we think it unnecessary to discuss all of

these assignments. Like the trial judge, we believe that there was probably enough evidence submitted to the jury to warrant it in finding that all the debts due and owing from the defendants to the plaintiff were paid. The court, by reducing the damages, held, in effect, that defendants could not rescind and at the same time recover damages for loss of crops and expenses incurred in a futile attempt to harvest their crops with the rejected machine. In so holding the court followed the settled law in this state. *Houser & Haines Mfg. Co. v. McKay,* 53 Wash. 337, 101 Pac. 894, 27 L. R. A. (N. S.) 925; *Blake-Rutherford Farms Co. v. Holt Mfg. Co.,* 70 Wash. 192, 126 Pac. 418; *Thompson v. Rhodehamel,* 71 Wash. 24, 127 Pac. 572.

It is most strenuously insisted by counsel for plaintiff that the case should be sent back for a new trial, because the trial judge abused his discretion in permitting defendants to file a fourth amended answer setting up a claim of damages which is inconsistent with the remedy claimed in their third amended complaint.

The general rule is that a first pronounced election is final and imperative.

"It is certainly the established law, in every state that has spoken on the subject, that the definite adoption of one of two or more inconsistent remedies, by a party cognizant of the material facts, is a conclusive and irrevocable bar to his resort to the alternative remedy." 7 Ency. Plead. & Prac. 364.

See, also, 15 Cyc. 262; *Babcock, Cornish & Co. v. Urquhart,* 53 Wash. 168, 101 Pac. 713; *Gaffney v. Megrath,* 23 Wash. 476, 63 Pac. 520; *Houser & Haines Mfg. Co. v. McKay, Blake-Rutherford Farms Co. v. Holt Mfg. Co.,* and *Thompson v. Rhodehamel, supra.*

This rule would ordinarily be applied, but we find the state of the record to be such that we are not called upon to do it. Under the undisputed facts of the case, there was either a settlement or a rescission. The court, by reducing the verdict

to the extent that he did, held defendants to the theory of rescission. These things, coupled with the fact that the machine is not now, and was not at the time of the first trial, in the possession of the defendants, but had been returned at the solicitation of the plaintiff and with the acquiescence of the defendants, makes it seem clear to us that it would work injustice to all parties concerned to return the case for a new trial upon a theory of law that cannot possibly fit any of the existing facts. The trial judge was of the opinion that, while it was his duty to cut off all the affirmative judgment, plaintiff was nevertheless answerable for $800, the credited value of the half interest in the two old machines. The court held this to be a payment which defendants might recover under the authority of the *Houser & Haines Mfg. Co. v. McKay* decision. This $800 was not actually paid in money. It was allowed as a credit when the 1911 machine was purchased. The very essence of a rescission is that the parties are placed in *statu quo*. *Reidt v. Smith*, 75 Wash. 365, 134 Pac. 1057. The reason why one rescinding a trade cannot recover more than the amount paid is that he elects to swap back; he must put the other party where he found him.

There is nothing in the record to indicate that plaintiff would have taken the half interest in the old machines if it had understood that it was to be obligated at that time or at some future time to pay for that interest in money. In rescinding the purchase, defendants are bound to place plaintiff in the same situation it would have been had no trade been made. The rule has been laid down in this state and it is consistent with the rule as declared in all the books.

"The law is that a party cannot ratify one part of a contract or transaction, which is beneficial to his interests, and disaffirm as to the remainder; that if he elects to rescind, he must do so *in toto*. . . . He must either elect to affirm the contract, and defend because of its breach, or rescind the same *in toto*." *Seattle Nat. Bank v. Powles*, 33 Wash. 21, 73 Pac. 887.

In other words, if defendants compel plaintiff to take back the 1911 machine, or if they acquiesce in the taking of it back, they thereby absolve the plaintiff of all liability growing out of the original transaction.   The machines, if the credit be called a payment, are in defendants' hands, and the possession of the specific property is a sufficient return of the consideration and satisfies the law.   It is only where a payment is made in money, or where the specific thing cannot be returned, that a judgment for money can be claimed upon rescission.

With this correction we believe that the judgment of the lower court is as nearly consistent with the true merit of the case as it is possible for any court to arrive at.   Therefore, without discussing the record or the many assignments of error, we have concluded to remand the case with instructions to the lower court to set aside the verdict in so far as it finds for the defendants in any sum, and that no judgment other than a judgment for costs be entered in their favor.   The plaintiff will recover its costs in this court.

CROW, C. J., GOSE, ELLIS, and MAIN, JJ., concur.