THE HON. WILLIAM L. HOLLOWAY,
THE HON. SYDNEY SANNER, } Associate Justices.

---

DOORNBOS, RESPONDENT, v. THOMAS ET AL., APPELLANTS.

(No. 3,480.)

(Submitted February 10, 1915.  Decided March 4, 1915.)

[147 Pac. 277.]

*Sales—Warranty—Breach—Election of Remedies—New Trial—*
*Notice — Sufficiency — Record on Appeal — Technicalities —*
*Pleading and Practice—Reply—Departure—Effect.*

New Trial—Notice of Motion—Sufficiency.
  1.  Though movant for a new trial may not, in the notice to his adversary, state that he will pursue one of the methods authorized by section 6796, Revised Codes, and thereafter change to another, nor state two or more methods in the alternative, he may state them all conjunctively and thereafter abandon all but one, without laying his notice open to the charge of insufficiency.
  [As to what proceedings are inconsistent with motion for new trial so as to waive right to move, see note in Ann. Cas. 1914B, 612.]

Same—Record on Appeal—Technicalities.
  2.  The inadvertent use of the term "bill of exceptions" for "statement of the case" by the trial court and counsel for appellant in designating the record was not sufficient reason to deny a hearing on the merits and dismiss the appeal.

(370)

Appeal and Error—Record—Judgment-roll—Authentication—Sufficiency.

3.  Where the record on appeal contains properly authenticated copies of the papers of which the judgment-roll is composed, it is sufficient to meet the requirements of section 6799, Revised Codes, even though it is not authenticated by the clerk as the judgment-roll.

[As to effect on bill of exceptions of neglect of judge to sign same within time allowed by law, see note in Ann. Cas. 1913A, 914.]

Pleading and Practice—Reply—Departure.

4.  The reply cannot be looked to to aid the cause of action alleged in the complaint; hence, where plaintiff in his complaint relied for recovery on a breach of warranty and in his reply upon a subsequent undertaking of defendant with reference to the article sold, there was such a departure in pleading as to defeat recovery on the cause thus alleged.

Sales—Breach of Warranty—Remedies.

5.  A buyer of an article under a guaranty as to its fitness for the purpose for which it is bought may, upon discovery of defects after a fair trial, if the facts warrant it, either (1) rescind the contract and sue for recovery of the price; (2) retain the article and bring action for damages for breach of warranty; or (3) sue for the fraud practiced upon him.

Same—Election of Remedies.

6.  A purchaser of a piece of farming machinery under an alleged warranty who elected to rescind the contract of purchase, receiving back the consideration paid for it, was bound by his election, and could not thereafter sue for a breach of the warranty.

*Appeal from District Court, Gallatin County; B. B. Law, Judge.*

ACTION by A. Doornbos against W. L. Thomas and others. Judgment for plaintiff, and defendants appeal from it and an order denying a new trial. Reversed and remanded.

*Mr. Walter Aitken,* for Appellants, submitted a brief and argued the cause orally.

According to the allegations of the complaint, there were an even 100 acres sown with this alleged defective drill, and they yielded an average of 19.32 bushels to the acre. It will further be noted from the evidence of plaintiff himself that all of this 100 acres, except fifteen or eighteen acres, were sown with the drill after he knew it was defective and before any steps whatever had been taken to remedy the alleged defects. This brings the case within the rule laid down in Cyc., that there can be no recovery of enhanced damages caused or contributed to *  *  *  by persisting in the use of an article after knowledge

of the defects. (35 Cyc. 465, 472; *Weybrich & Co.* v. *Harris,* 31 Kan. 92, 1 Pac. 271; *Wright* v. *Computing Scale Co.,* 47 Wash. 107, 91 Pac. 571; *Guetzkow Bros. Co.* v. *Andrews,* 92 Wis. 214, 53 Am. St. Rep. 909, 52 L. R. A. 209, 66 N. W. 119; *Corbin* v. *Thompson* (Canada), 2 B. R. C. 70; *Wiggins* v. *Jackson,* 31 Okl. 292, 43 L. R. A. (n. s.) 153, 121 Pac. 662.) A case almost identical with the case at bar is *Gale Sulky Harrow Mfg. Co.* v. *Moore,* 46 Kan. 324, 26 Pac. 703.

The rule as to the time to which a general warranty relates is laid down thus: "Unless otherwise expressed, a warranty relates only to the time of sale and does not cover defects not then in existence. * * * That is to say, a breach of warranty can be predicated only on a loss caused by a defect which existed at the time of the sale." (35 Cyc. 414, 415.)

Plaintiff must either affirm the contract and sue for damages, or he can disaffirm the contract and sue for a return of the consideration. (*Madison River Livestock Co.* v. *Osler,* 39 Mont. 244, 133 Am. St. Rep. 558, 102 Pac. 325.) In conformity to the rules of law as laid down by this court in the above cited case, it must also be held that when the vendee (respondent herein) elected to return the drill and take back his note, he elected to treat the contract as abrogated, and could not thereafter maintain any action on said contract, whether for breach of warranty or otherwise. (*Luitweiler Pumping E. Co.* v. *Ukiah W. & Imp. Co.,* 16 Cal. App. 198, 116 Pac. 707, 712; *Cookingham* v. *Dusa,* 41 Kan. 229, 21 Pac. 95; *Holt Mfg. Co.* v. *Strachan,* 77 Wash. 380, 137 Pac. 1006; *McCormick Harvesting Machine Co.* v. *Brown,* 5 Neb. Unof. 356, 98 N. W. 697; *Punteney Mitchell Mfg. Co.* v. *T. G. Northwall & Co.,* 66 Neb. 5, 91 N. W. 863; *Westinghouse Co.* v. *Meixel,* 72 Neb. 623, 101 N. W. 238.)

*Mr. John A. Luce,* for Respondent, submitted a brief and argued the cause orally.

Manifestly, the use of the drill after the defects were discovered by Doornbos, by him, were at all times at the express instance and request of the appellants, and upon their express

assurance that it would be all right and their guaranty that he would get a good crop. Under these circumstances, appellants cannot now be heard to claim that by the use after the discovery that the drill was not working well, Doornbos was violating some right of the defendants, but they are estopped to claim that by the use of this article Doornbos in any way contributed to the damage or waived his warranty. The rule in relation to this proposition is clearly stated in 35 Cyc. 433: "Where the retention and use has been induced by the request or promise of the seller, there is no waiver of the warranty." (*Osborne* v. *McQueen*, 67 Wis. 392, 29 N. W. 636; *Kenney* v. *Bevilheimer*, 158 Ind. 653, 64 N. E. 215; 30 Am. & Eng. Ency. of Law, 2d ed., 188.) It has likewise been held that the waiver of defects does not result from a single instance of use after notice to the seller to remove the goods, or from use for the purpose of testing the article, or while efforts are being made to remedy defects. (35 Cyc. 242.)

No rescission was effected by consent or by agreement, and neither of the parties followed the provisions of section 5065, regarding the rescission of contracts. As to the contention of appellants that the action cannot be maintained for damages under the circumstances, I submit that the appellants by returning the note given by the respondent to them could not relieve themselves of the damages which had accrued by reason of the use of this drill at the request of the defendants. It is true that counsel has cited several cases which hold that the general rule is that where a machine sold is defective, the purchaser may return the machine and may recover the purchase price, or he may elect to keep the machine, pay the price and sue for damages "in the difference of the value of the machine as represented and warranted and as it really was." Many of these cases, however, overlook the exception to this general rule that where, under special circumstances, damages in addition to the difference between the value of the article as warranted and as sold has accrued, these special damages may be recovered either on a return of the property or its retention.

The rule in such cases as this is laid down in 35 Cyc. 444 as follows: "Where the breach of warranty is of such a nature as to justify a return, the buyer cannot be compelled to elect between a return and damages, as he may be entitled to both."

In *Kimball & Austin Mfg. Co.* v. *Vroman,* 35 Mich. 310, 24 Am. Rep. 558, may be found a clear and explicit statement of the rule as contended for by respondent. It completely disposes of the *dicta* of cases not carefully considered holding the return of the goods a rescission of the contract. The argument in the above case is unanswerable, and should be decisive of the case at bar.

The retention of the drill by Doornbos after knowledge of its defects having been because of the refusal of the appellants to receive it back and deliver the note given for the purchase price, and its use having been at their express request and under the promise that they would guarantee a good crop if Doornbos continued to use it, and they having failed to repair it as promised, Doornbos is entitled to recover the damages which he sustained by reason of this continued use.

The measure of damages in this case and the method of proof is that established in *Passinger* v. *Thorborn* (the famous *Bristol Cabbage Case,* 34 N. Y. 634, and see numerous cases cited therein). In that case the plaintiff was allowed to recover the difference between the value of the crop of cabbages raised from the seed sown and that which would have been raised if the seed had been Bristol cabbage seed. This case has been repeatedly affirmed, and has never been overruled to the knowledge of the respondent. (See *Dunn* v. *Bushnell,* 63 Neb. 568, 93 Am. St. Rep. 474, 88 N. W. 693; *Wallace* v. *Knoxville Woolen Mills,* 117 Ky. 450, 78 S. W. 192; *Long* v. *Pruyn,* 128 Mich. 57, 92 Am. St. Rep. 443, 87 N. W. 88; 35 Cyc. 643.) It has been held that where machinery intended by the parties for use in growing or harvesting a particular crop is sold, damages for injury to the crop have been allowed as special damages for nondelivery. (*Neal* v. *Pender-Hyman Hardware Co.,* 122 N. C. 104, 65 Am. St. Rep. 697, 29 S. E. 96; *Snowden* v. *Waterman,* 105

Ga. 384, 31 S. E. 110; *McCann* v. *Ullman,* 109 Wis. 574, 85 N. W. 493; *Bruce* v. *Fiss etc. Horse Co.,* 47 App. Div. 273, 62 N. Y. Supp. 96; *Russell* v. *Corning Mfg. Co.,* 49 App. Div. 610, 63 N. Y. Supp. 640.) It has also been held that a loss of the buyer's time, and that of his laborers, can be recovered where the circumstances of the sale were such as to put the seller upon notice that such a loss would probably result from the breach. (*Kester* v. *Miller,* 119 N. C. 475, 26 S. E. 115; *Optenberg* v. *Skelton,* 109 Wis. 241, 85 N. W. 356.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought against the defendants, as copartners under the firm name of the Gallatin Valley Trading Company, to recover damages for an alleged breach of warranty of the quality of a seed drill sold by them to plaintiff on September 1, 1911. The warranty is alleged in the complaint as follows: "That the defendants sold and delivered to the plaintiff one Peoria drill, which the defendants warranted to the plaintiff to be * * * reasonably fit and suitable for the purpose of properly sowing the divers and sundry kinds of grains— wheat, oats, rye and the like." The complaint alleges further, in substance, that the drill was not suitable for the purpose for which it was purchased; that the plaintiff used it to sow 116 acres of grain; that, as a result of the inefficiency of it, the crop harvested was much less than it would have been had the drill been efficiently serviceable; and that the plaintiff for this reason suffered damage to the amount of $1,147.20. The answer admits the sale of the drill, alleging that the plaintiff, who is a farmer and capable of judging for himself, made a careful inspection of it, and thereupon accepted it as suitable, executing to the defendants his promissory note in payment of the purchase price, with the understanding that if the drill proved unsuitable, he might return it and receive back his note; that there was no express warranty of any kind; that the plaintiff used the drill to sow 65 acres without complaint; that, if it did

not effectually accomplish the work for which it was intended, it was due to the fault of plaintiff in handling it; and that before the commencement of this action the plaintiff returned it to the defendants and received back from them his note. It is denied that he suffered any damage whatever. The reply admits the giving of the note; admits that plaintiff returned the drill to defendants and secured from them his note; and alleges that any use made by him of the drill after he discovered its defects was at the express instance and request of defendants, and upon their warranty that it would do the work for which it was sold, and their agreement to "stand good for any damage to plaintiff by reason of his continuing the use of the same, and the promise of defendants to remedy all defects" therein. The plaintiff had verdict and judgment. The defendants have appealed from the judgment and an order denying their motion for a new trial.

At the hearing in this court, counsel for the plaintiff submitted written objections to a consideration of the appeals on the merits, and asked that they be dismissed because of an alleged omission by counsel for defendants to observe the provisions of the statute in the preparation of his record on the motion for a new trial, and his failure to have the record on appeal properly authenticated. We have examined the questions presented in this behalf, and have concluded that they are without substantial merit. It is true the notice of intention [1] states that the motion for a new trial would be made upon the minutes of the court and upon affidavits, and that the record contains what purports to be a bill of exceptions and statement of the case, which contains no affidavits. It does not appear that any affidavits were filed. While the statute (Rev. Codes, sec. 6796) requires the moving party to state in his notice whether the motion will be made upon affidavits or a bill of exceptions, or the minutes of the court, it does not require him to pursue all these methods and rely upon all the grounds indicated by the notice, though his notice states them all. If he pursues one of the authorized methods, and the record made in

pursuance thereof is so formulated as to present properly one or more of the statutory grounds, he is entitled to be heard upon the record as made. He may not notify his adversary that he will pursue one method, and thereafter change to another; nor may he state two or more methods in the alternative. (*Gamer* v. *Glenn*, 8 Mont. 371, 20 Pac. 654; *Cummings* v. *Reins Copper Co.*, 40 Mont. 599, 107 Pac. 904.) He may state all the methods conjunctively, however, and the abandonment of all except one is no reason why the motion should not be heard. It appears that the motion was heard and denied on January [2] 5, 1914, and that on January 10 the court granted defendants an extension of time in which to "prepare, serve and file their bill of exceptions and statement of the case." Thereafter a document was prepared under this caption and settled and allowed by the judge as "a bill of exceptions or statement of the case." It embodies the minutes of the trial, and was prepared, as the statute contemplates, as the record upon which the order disposing of the motion was based. We cannot conceive how the inadvertent use, by the court and counsel, of the expression "bill of exceptions" in designating the document, renders it any less a statement of the case which it also purports to be, such as is required by the statute (Rev. Codes, secs. 6799, 7114) to be presented to this court on appeal. The distinction between the two is that a bill of exceptions is prepared before the motion is submitted, whereas a statement is made up after the motion has been determined; yet the office of each is the same, *viz.*, to bring into the technical record matters which would not otherwise constitute a part of it. In any event, since the document upon which the defendants rely was prepared as a statement of the case, its character as such is not affected by the fact that it bears a double designation.

While the judgment-roll is not authenticated by the clerk [3] technically as such, the record contains copies, properly authenticated, of the several papers which go to make it up. This is sufficient under the statute (Rev. Codes, sec. 6799) to meet all requirements.

Many errors are assigned by counsel upon rulings made during the trial in admitting and excluding evidence, and upon the action of the court in submitting its instructions to the jury. He also submits the question whether, upon the case as made by the pleadings and disclosed by the evidence, the plaintiff is entitled to recover at all. It was presented during the trial by motion for nonsuit, and also for a directed verdict. As we view the case, this question must be answered in the negative. It is therefore not necessary to consider any of the other questions submitted.

It will be noted that, while the defendants deny that they warranted the efficiency of the drill, they allege that the plain-
[4]  tiff returned it to them and received back his note—the consideration given for it. Plaintiff admits this in his reply, and seeks to avoid the legal effect of his admission by alleging that, after the defects in the drill were discovered, he continued to use it at the request of the defendants upon the assurance by them that they would compensate him for any damage he might sustain in doing so. While, therefore, in his complaint he predicates his right to recover upon the breach of warranty, in the reply he bases his right upon the subsequent undertaking of the defendants. This constitutes a distinct departure from the contract as alleged, and cannot be the basis of recovery in this case. As we have frequently said, a reply is responsive to the affirmative matter stated in the answer, and cannot be looked to to aid the cause of action stated in the complaint. (*Thornton* v. *Kaufman,* 35 Mont. 181, 88 Pac. 796; *Manuel* v. *Turner,* 36 Mont. 512, 93 Pac. 808; *Waite* v. *Shoemaker & Co., ante,* p. 264, 146 Pac. 736.)

It is not necessary to refer to the evidence. It is sufficient to say of it that, aside from that introduced to establish the amount of damages suffered by plaintiff, it tends to establish the guaranty by the defendants against any loss resulting to plaintiff from the use of the drill as alleged in the reply. The motion
[5]  for nonsuit should have been granted. Let it be assumed that the warranty was made as alleged. When the plaintiff,

after a fair trial of the drill, discovered the defects in it, he had these options: (1) To rescind the contract if the facts justified it and recover the purchase price—in this case his note; (2) to retain the drill and bring his action for damages for a breach of the warranty; or perhaps (3) to bring his action for the fraud practiced upon him. What the measure of damages would be in the latter two cases it is not necessary to consider at this time. If the purchaser elects to exercise the first option, he is bound [6] by his election, and cannot thereafter sue for a breach of the warranty. The measure of damages is the purchase price. (*Abraham* v. *Browder,* 114 Ala. 287, 21 South. 818; *Houser & Haines Mfg. Co.* v. *McKay,* 53 Wash. 337, 27 L. R. A. (n. s.) 925, 101 Pac. 894; *Mundt* v. *Simpkins,* 81 Neb. 1, 129 Am. St. Rep. 670, 115 N. W. 325; *Weybrich* v. *Harris,* 31 Kan. 92, 1 Pac. 271; *Luitweiler Pumping E. Co.* v. *Ukiah W. & Imp. Co.,* 16 Cal. App. 198, 116 Pac. 707; *Osborne & Co.* v. *Poindexter* (Tex. Civ. App.), 34 S. W. 299; *Jack & Toner* v. *Des Moines & Ft. D. R. Co.,* 53 Iowa, 399, 5 N. W. 537. See, also, collection of cases in note to *Houser & Haines Mfg. Co.* v. *McKay* (*supra*), 27 L. R. A. (n. s.) 925.)

The rule as stated in these cases prevails in most jurisdictions, even though title has passed to the purchaser, and the contract does not specifically stipulate for a rescission. In this jurisdiction the right of the purchaser to rescind does not exist if title has passed to him, unless the warranty was intended to operate as a condition (Rev. Codes, sec. 5121). Subject to this limitation, the rule as stated above must be correct, for the reason that by exercising his option to rescind the purchaser has elected to extinguish the contract (Rev. Codes, sec. 5062), and by doing so has dissolved entirely his relation with the seller created by it, thus incidentally adjusting also all the rights growing out of it. In *Abraham Bros.* v. *Browder, supra,* the rule is stated thus: ''There must be a subsisting contract to support an action for a breach of warranty. If the facts justify it, a buyer may rescind a contract and sue for the purchase money paid; or he may sue and recover damages for a fraud practiced upon him;

or he may affirm the contract and maintain an action for breach of warranty. He cannot insist that a contract has been rescinded, and yet recover on the contract." In *Osborne & Co.* v. *Poindexter, supra,* we find this statement: "The plaintiffs might have tendered back the machine, and demanded their notes and money, or, at their option, might elect to keep the machine, and pay the price, and sue for damages in the difference in value of the machine as represented and warranted and as it really was, and for the special damages occasioned by the breach of the warranty." To the same effect is a statement of the rule found in *Luitweiler Pumping E. Co.* v. *Ukiah W. & Imp. Co., supra,* in support of which the court cites *Abraham Bros.* v. *Browder, supra.* "The buyer may not pursue two inconsistent remedies; if he chooses to exercise the special remedy by returning the article to the seller, he is then confined to a recovery of the purchase money paid, and cannot maintain an action for damages for a breach of the warranty." (30 Am. & Eng. Ency. Law, 2d ed., 199.) In this case the admissions in the pleadings show that the contract was rescinded. Whether this was by virtue of an express agreement made at the time of the sale, as alleged in the answer, or by mutual consent of the parties when it was discovered that the drill was defective, the result is the same.

We shall not undertake to decide the question whether the plaintiff might have recovered upon the facts stated in the reply. He cannot have recovery thereon in this case. It is sufficient for a determination of the case as now presented to say that, having admitted that he rescinded the contract, he cannot recover upon allegation of a breach of it.

The judgment and order are reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.

Rehearing denied March 29, 1915.