FRYBURG, Respondent, *v.* BRINCK, Appellant.

(No. 6,927.)

(Submitted March 18, 1932. Decided June 25, 1932.)

[12 Pac. (2d) 757.]

*Mr. N. A. Rotering,* for Appellant, submitted an original and a reply brief and argued the cause orally.

*Mr. P. E. Geagan,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE. FORD delivered the opinion of the court.

This action was brought by plaintiff against defendant to recover the sum of $430.73, the balance alleged to be due for radios and supplies sold and delivered to defendant.

The complaint alleges that plaintiff sold and delivered to defendant radios and supplies at the agreed purchase price of $6,657.75, and that defendant paid on account the sum of $6,227.02, leaving a balance due of $430.73, which defendant refused to pay.

By answer defendant admitted that he purchased certain radios and supplies, but denied ''that he bought any radios or any other merchandise of the value in excess of $6,000.'' As an affirmative defense, and by way of counterclaim, it is alleged that plaintiff shipped to defendant one radio which was defective and of no value, and he so advised plaintiff, but he would not take the same away; that defendant did not accept the radio, but that plaintiff is attempting to charge defendant the sum of $174.70 therefor. By way of cross-complaint and counterclaim, defendant alleged that he purchased from plaintiff merchandise of the value of $6,000 or less, that he paid to plaintiff the sum of $6,227.02, or an over-payment of $227.02, and demanded judgment for that amount.

Issue was joined by reply, and upon the trial there was verdict and judgment for plaintiff in the sum of $225, with

interest and costs; defendant's motion for a new trial was denied, and he appeals from the judgment.

The undisputed facts are that plaintiff, state distributor of Sparton radios, entered into an oral agreement with defendant, under the terms of which defendant agreed to sell Sparton radios in Butte and was to receive a discount of forty per cent. from the list prices fixed by the manufacturer. At the same time there was executed an agreement between the manufacturer and defendant wherein the manufacturer agreed that all radio sets would be free from defects in workmanship and material; that it would recommend a discount of forty per cent. from list prices and would allow extra discounts when purchases exceeded designated amounts.

Thereafter defendant ordered radios and supplies from plaintiff, and invoices were sent to defendant, showing the list prices, together with a charge for transportation from the factory to plaintiff's place of business at Great Falls. From time to time defendant made payments upon the account until it was reduced, according to plaintiff's testimony, to the sum of $430.73, the amount in suit, which defendant refused to pay.

Defendant asserted that under the contract all purchases were made f. o. b. Great Falls, and that plaintiff improperly charged transportation of the merchandise from the factory to Great Falls, while plaintiff contended that all sales were made f. o. b. factory, and that cost of transportation was properly charged to defendant. Defendant testified that three of the radios shipped to him by plaintiff were defective; that he notified plaintiff, who failed to repair such defective sets; that such defective sets would not work, and by reason thereof he was unable to dispose of two of such sets, and the same are now in his possession; that the third of the defective sets was sold for $25.

Defendant predicates error upon the ruling of the court in sustaining plaintiff's objection to the introduction in evidence of a letter written by the manufacturer regarding the matter of transportation charges. Plaintiff's action was

founded upon an express contract to which the manufacturer was not a party, and in consequence statements made by the manufacturer relating to the sales were not binding on plaintiff, and the court properly excluded the offered letter.

Defendant contends that the court erred in its instruction No. 12, which is as follows: "You are instructed that under the terms of Exhibit A, designated 'Sparton Radio Dealers Franchise,' that the manufacturer of these radios agreed through and by its distributor, the plaintiff in this case, that the radio sets delivered would be free from all defects in workmanship and material, and that the defendant was entitled to rely upon this promise. And if you find from a preponderance of the evidence that any of the sets delivered to defendant were not free from such defects in workmanship or material and that the defendant was damaged thereby, then the plaintiff cannot recover for such defective set or sets, if any, unless you should further find that the defendant accepted and retained such defective set or sets."

The instruction is erroneous. In case of breach of warranty the purchaser of goods has the option to rescind the contract, if the facts justify it, and recover the purchase price, or retain the goods and bring an action for damages for a breach of the warranty, or he may retain the goods, and, when sued for the purchase price, set up the breach of warranty by way of counterclaim or set-off. (55 C. J. 816; *Doornbos* v. *Thomas,* 50 Mont. 370, 147 Pac. 277.) Here defendant in his answer alleged by way of counterclaim or set-off a breach of warranty, and the evidence was sufficient to take the question to the jury. The instruction, in so far as it permitted a recovery by plaintiff upon the mere acceptance and retention of the goods by defendant, did not correctly state the rule of law applicable.

Defendant contends that the court erred in refusing to give the following instruction: "You are instructed that under the written contract in evidence in this case, the defendant was entitled to rely upon the promise of the seller that any Sparton radio sets delivered would be free from all defects in work-

manship and material. And if you find from a preponderance of the evidence that any sets furnished defendant were not free from defects in workmanship or material, then plaintiff cannot recover for such defective set or sets, if any.''

The court properly refused the offered instruction. The measure of damages—that is, the amount which defendant would be entitled to as an allowance upon his counterclaim or set-off, if the jury believed that any of such sets were defective as alleged by defendant—was the difference between the market value of the set or sets as warranted and the market value in view of the defects. (55 C. J. 849.)

We have examined other instructions to which defendant objected, and the instructions offered by him which were refused by the court, and find no prejudicial error committed in the rulings thereon.

For the reasons given, the judgment is reversed and the cause remanded to the district court of Silver Bow county, with direction to grant defendant a new trial.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, ANGSTMAN and MATTHEWS concur.