WALES ADDING MACHINE COMPANY. RESPONDENT, v.
CHARLES G. HUVER, APPELLANT.

Submitted March 26, 1923—Decided June 18, 1923.

On appeal from the Supreme Court.

For the appellant, *Rex A. Donnelly.*

For the respondent, *Linwood W. Erickson.*

PER CURIAM.

This is an appeal from a judgment of the Supreme Court affirming a judgment of the Cumberland Common Pleas rendered in a suit brought to recover money alleged to be due on a contract for the sale of a second-hand adding machine, Huver being the purchaser. The contract was in writing and consisted of an order by Huver directed to the Wales Adding Machine Company, requesting it to ship or deliver "as soon as convenient" one of their model 19B adding machines, second-hand, and agreeing to pay $125 for it in stated installments. At the time the order was received by the company it did not have in stock a second-hand machine of the model called for and it was uncertain when it would be able to fill the order. It advised Huver of this fact; and. in order to tide over any inconvenience which might result to him from lapse of time, it sent a new machine for his use. He kept and used this machine for ten months, and at the end of that time a second-hand machine, of the character mentioned in the order, having come into its possession, the company shipped it to the defendant, and upon its arrival at destination he refused to accept it.

The trial in the Court of Common Pleas resulted in a judgment in favor of the plaintiff company, and that judgment was affirmed by the Supreme Court.

The first ground of attack upon the validity of the judgment under review is that the plaintiff was improperly per-

mitted to prove the loan of the machine already referred to, because the evidence was contradictory of the original contract. This contention is conspicuously without merit. The contract was that the vendor should ship the machine ordered "as soon as convenient;" and the testimony was evidential on the question whether the delivery was attempted to be made within a reasonable time after the execution of the contract.

The next ground of reversal argued is that the contract itself provided that "nothing but acceptance in writing at the vendor's home office shall constitute the acceptance of this order by the vendor," and that there was never any proof of such written acceptance at the place specified. The fact is as counsel for the appellant states, but it affords no ground for reversal. The provision is manifestly engrafted into the contract for the protection of the vendor and it was free to waive this protection if it saw fit. That there was an acceptance in fact of the appellant's order is proved by the conduct of the vendor in furnishing to the purchaser for his use another machine, pending delivery of that contracted for. Such an acceptance made the contract complete and binding upon both parties.

Another contention made by the appellant is that the vendor was not entitled to recover the purchase price of the machine (that being the basis of the present suit), for the reason that it was never accepted by the vendee. But this contention is in the face of an express provision contained in the contract itself that "upon refusal or neglect of the vendee to accept the property when tendered by vendor or its agent the full amount unpaid hereon shall become due and payable forthwith."

Next, it is contended that there was error in the refusal of the Court of Common Pleas to charge the following request submitted by the appellant: "If any of the terms of the written order have not been complied with by plaintiff, plaintiff cannot recover." In order to justify this attack upon the action of the trial court, the burden rested upon counsel for the appellant to make clear to us that there was something in

the proofs in the case tending to show a failure by the vendor to comply with some term of the written order. This he has failed to do, and we are, therefore, justified in presuming that the case was barren of such proof. In the absence of such evidence, it follows, of course, that the appellant was not entitled to have the request charged.

The other grounds of reversal argued before us are directed at alleged misstatements of the law in the charge of the trial court to the jury. An examination of the record sent up with the case shows that there was no exception taken to any of the instructions now criticised. This being so, these matters are not before us for consideration.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.   10.

*For reversal*—None.