[No. 18821.  *En Banc.*  July 15, 1925.]

HENRY W. METZLER et al., *Appellants,* v. FRANK M. BALCOM et al., *Respondents.*[1]

SALES (47)—RESCISSION BY SELLER—BREACH OF CONTRACT. A contract for the purchase of potatoes is breached, and the advance payment may be forfeited, where the buyer was to have a bank guarantee the payments of sight drafts upon shipments made, and failed to do so on demand repeatedly made, and on final notice by telegraph that the contract would be cancelled if the guarantee was not furnished the next day.

SAME (49)—RESCISSION BY SELLER—WAIVER OF FORFEITURE. Such cancellation of the contract is not waived by a subsequent preparation for shipment and presentation of drafts to the bank expecting the guarantee to be made, where the drafts were not paid when presented and no guarantee was furnished within a reasonable time.

SAME (143)—BREACH OF CONTRACT—MEASURE OF DAMAGES. Upon cancellation of a contract for the purchase of potatoes, for the

[1]Reported in 237 Pac. 716.

buyer's default, the seller's measure of damages is the difference between the contract price and the amount realized upon a resale, less the amount advanced on the price.

TOLMAN, C. J., dissents.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered February 18, 1924, upon findings in favor of the defendants, in an action on contract, tried to the court. Affirmed.

*C. E. Udell,* for appellants.

*Richards, Gilbert & Fontaine,* for respondent.

BRIDGES, J.—The appellants entered into a contract with respondents for the purchase of 25 car loads of netted gem potatoes, and advanced $2,500 as first payment of the purchase price. The potatoes not being delivered, this action was instituted to recover the advance payment.

The respondents resist payment on the ground that appellants breached their contract, and ask judgment for the difference between the price mentioned in the contract and the amount received on a re-sale of the potatoes. The trial court found this to be $2,850, and allowing a credit for the advance payment of $2,500, judgment was entered in favor of the respondents in the amount of $350, from which judgment this appeal is taken.

The contract was dated August 17, 1920, and by it the appellants agreed to purchase of the respondents 25 car loads of netted gem potatoes, f. o. b. Yakima, at the price of $32 per ton; the respondents acknowledging receipt of $2,500 on the purchase price. It was provided that the balance of the purchase price should be paid upon the presentation of sight drafts drawn by the respondents attached to documents showing that shipment was being made. The appellants agreed to

have some bank, to be designated by them, guarantee the payments of these drafts as they were drawn. The potatoes were to be delivered on or about October of the same year in which the contract was made.

The chief point in this case is whether the appellants breached their contract in failing to have some bank guarantee the payment of the drafts mentioned. There was considerable correspondence between the parties between the time of entering into the contract and the delivery date of the potatoes, concerning storage of the potatoes at or near Yakima. Later, however, the appellants ordered the shipment to be made. When the respondent was about ready to commence shipping, he repeatedly asked the appellants for the bank guarantee as provided by the contract, and appellants neglected to furnish it. On October 20, the respondents wired appellants as follows: "In the absence of a bank guarantee covering the potatoes you have coming from me by tomorrow the 21 I will consider your contract cancelled." The appellants answered, suggested other disposition of the potatoes, and again, on October 29, respondent wired them as follows: "Your contract has been cancelled and advance money forfeited as per my wire of the 20th." Upon these facts, it is plain to us that the appellant breached its contract by its failure to have some bank guarantee the payment of the drafts, and that respondents had a right to declare the contract terminated and to forfeit the advance payment.

It is claimed, however, that the respondents subsequently waived their previous cancellation of the contract and forfeiture of the down payment. This contention is based upon the following facts: After the correspondence above mentioned, and on November 26, respondents wrote to the Produce Reporter Company at Chicago, from whom they had previously had a letter concerning this matter and who seemed, for the

time being, to be representing the appellants, to the effect that they wanted to be fair with the appellants, and that they would on that day ship them certain cars of potatoes, provided appellants would furnish the bank guarantee. Thereupon respondents loaded certain cars for appellants, drew drafts attached to bills of lading and presented them to a bank, but they were not paid, and we cannot find anything showing that the appellants, at least within a reasonable time, furnished the bank guarantee. Under these circumstances, we must hold that the contract was properly terminated as of October 21.

The court found that on that date the potatoes were worth $26 per ton, which was $6 less than the contract price, and that respondents had suffered damage in the sum of $2,850, against which an offset of $2,500 was allowed, leaving a balance of $350 in favor of the respondents. We are of the opinion that the court used the proper measure of damages.

It is contended by appellants that respondents resold these same potatoes to one Swanson, upon which they received $5,000 as an advance payment, and that this amount was forfeited by Swanson to respondents and that it should be offset against any claim which respondents might have against appellants. We cannot find that the deal with Swanson had any connection with the potatoes involved here. The respondents were large purchasers of potatoes and there is nothing to show that those sold to Swanson were the same as those which had previously been sold to the appellants.

We cannot find any merit in the other contentions raised. It is clear to us that appellants did not live up to their contract and that they must suffer the consequences, resulting largely because of a heavy reduc-

tion in the market price of potatoes after the contract was entered into.

The judgment is affirmed.

FULLERTON, PARKER, ASKREN, HOLCOMB, MITCHELL, MACKINTOSH, and MAIN, JJ., concur.

TOLMAN, C. J. (dissenting)—My view of the facts leads me to doubt if the contract was properly forfeited on October 21, 1920, and therefore the measure of damage should be the difference between the contract price and the market price as of the later date when delivery was tendered—I cannot, therefore, concur with the majority.