LYNN M. RANGER, INC. *vs.* OLIVER GILDERSLEEVE.

First Judicial District, Hartford, May Term, 1927.

*WHEELER, C. J., MALTBIE, HINMAN and BANKS, Js.

The defendant contracted to purchase from the plaintiff, F.O.B. mines, six carloads of coal then en route under consignment to the plaintiff at South Norwalk. By custom no bills of lading were issued, the defendant merely requesting the plaintiff to divert the coal to him at Middletown as soon as it learned the car numbers. On the same day that the plaintiff received two of these numbers and issued the diversion orders to the railroad company, the defendant attempted to cancel the entire contract by telegram which was not delivered to the plaintiff until the following morning. The railroad company thereafter delivered the two cars to the defendant, and, upon his refusal to accept and pay for them, the plaintiff brought the present action to recover the purchase price. *Held:*

1. That the trial court was justified in finding that the quantity of coal in these cars was that stated in the invoices sent to the defendant, in view of uncontradicted testimony that those statements represented the actual weight of the shipments at the mines.

2. That it was immaterial whether the coal was in the possession of the terminal carrier at the time of the diversion orders, since it was obvious that the entire haul from the mines to the point of delivery was regarded as single.

3. That under § 4685, Rule 4, of the General Statutes, the giving of diversion orders, and their acceptance by the terminal carrier, constituted an appropriation of the coal to the contract, the property therein immediately passing to the defendant, who thereupon became obligated to accept and pay for it.

———————————

*By stipulation of counsel, this case was argued before four justices.

4. That the contract could not fairly be construed to require the plaintiff to make a simultaneous delivery of all six carloads.

5. That the plaintiff's right to recover in the present action was not affected by its failure to divert the remaining four cars to the defendant, since such an attempted delivery would have been a futile gesture after the defendant's repudiation of the contract and might well have resulted in an improper enhancement of plaintiff's damages.

Argued May 3d—decided June 28th, 1927.

ACTION to recover damages for alleged breach of contract by the defendant to purchase a quantity of coal, brought to the Superior Court in Middlesex County and tried to the court, *Jennings, J.;* judgment for the plaintiff for $421, and appeal by the defendant. *No error.*

*Thomas C. Flood,* for the appellant (defendant).

*Bertrand E. Spencer,* for the appellee (plaintiff).

HINMAN, J. On February 10th, 1926, the defendant, a retail coal dealer doing business at Portland, Connecticut, ordered from the plaintiff, a Boston coal broker, six cars of coal, then en route from the mines consigned to the plaintiff at South Norwalk, having been shipped February 9th. The prices quoted were F.O.B. mines. By custom no bills of lading were used, the defendant requesting the plaintiff to divert the cars to him as soon as the car numbers became known to the plaintiff, and the latter agreeing to do so. On the same day the plaintiff confirmed this transaction in writing. On or before February 12th the plaintiff received the numbers of two of the cars and on that day, at 12.20 and 3.40 p.m., respectively, by telephone and letter, notified the New York, New Haven and Hartford Railroad Company, through which the coal was consigned to the plaintiff and by which railroad delivery would be made, that these cars were diverted to the

defendant, and these diversion orders were accepted by the railroad company. By custom in the coal trade the haul from the mines to point of delivery is regarded as a single haul. On the same day the plaintiff mailed to the defendant post-card notices of the two cars of coal so diverted. At 4.00 p. m. on the same day the defendant filed a telegram to the plaintiff requesting it to cancel the entire order, but when this telegram was received in Boston the plaintiff's office was closed and it was delivered at 8 o'clock the next morning. On February 15th the defendant returned the post-card notices with the statement that he would not accept any of the coal and he reiterated this refusal on February 17th and February 24th. Thereafter in due course the railroad company transported these two cars of coal to Portland, where the defendant refused to accept them. One of the cars contained 48.95 net tons of nut coal and the other 46.55 net tons of egg. After the receipt, on February 13th, of the telegram of cancellation, the plaintiff took no steps to divert any more cars to the defendant.

Upon the facts found, including those above stated, the trial court held that the attempted cancellation of the contract by the defendant was ineffectual and that the plaintiff was entitled to recover the price of the two carloads of coal.

The defendant appears to have been accorded by the trial court all of the requested corrections of the finding to which, upon the record, he is entitled. His principal objection is to the finding of the quantity of coal delivered to him, but it is admitted by the pleadings that the two designated cars were delivered on the siding at Portland; the invoices, sent the defendant on March 1st, stating the car numbers and the weight of the coal in each car, were in evidence without objection, and the plain inference from the testimony of

Mr. Ranger is that the invoices stated the actual weight of the coal in each car when shipped at the mines. This, especially in the absence of contradiction, justifies the finding made.

The appellant contends that no appropriation and delivery of the two carloads of coal was effected by the acts of the plaintiff and the New York, New Haven and Hartford Railroad Company, on February 12th, as to diversion of the cars to the defendant, because, on that date, the coal was not in the possession of the plaintiff or that railroad company, but en route from the mines upon the lines of some connecting carrier. It appears, however, that the contract contemplated payment of freight, by the defendant, from mine to destination, and that the haul between these points was regarded as single; the New York, New Haven and Hartford Railroad was the carrier over whose lines the actual delivery of the shipments, whether to South Norwalk, the point originally designated, or to Portland, would be completed, and the diversion affected only the route and length of haul over lines of this company. There was, therefore, no occasion for other or further notice of diversion than that given by the plaintiff, and the then actual location or possession of the cars in question was immaterial.

If the coal had not yet been loaded at the mines, instead of en route, at the time of the sale, delivery thereof to the carrier for transmission to the buyer would have constituted a delivery to the buyer. General Statutes, § 4712; *Home Pattern Co.* v. *Mertz Co.,* 86 Conn. 494, 501, 86 Atl. 19; *Lewis* v. *Scoville,* 94 Conn. 79, 87, 108 Atl. 501. If, after goods have been shipped without a named consignee other than the consignor, the carrier, at the consignor's request, agrees to deliver them to a specified person, the property therein passes to the person so named. 1 Williston on

Sales (2d Ed.) § 282; *Fruit Dispatch Co.* v. *Gillinsky,* 84 Neb. 821, 122 N. W. 45. The reasonable and logical method of making and granting such request when, as here, no bills of lading are employed, would seem to be the giving and acceptance of diversion orders, as was done in the present instance.

By the diversion of the two carloads of coal, therefore, the plaintiff made an unequivocal appropriation thereof to the contract, and the property therein passed to the defendant. General Statutes, § 4685 (Rule 4); *Alderman Bros. Co.* v. *Westinghouse Air Brake Co.,* 92 Conn. 419, 103 Atl. 267; 1 Williston on Sales (2d Ed.) §§ 274-278. When the diversion orders had been given and accepted and the car-number cards forwarded to the defendant, the plaintiff had fully performed its contract with respect to these two carloads. It then became defendant's duty to accept and pay for them according to the terms of the contract. The refusal of the defendant to receive them from the carrier when they reached Portland did not revest the title in the plaintiff. There is no finding of a return of the coal to and an acceptance by the plaintiff. Had the contract related only to these two carloads, the plaintiff manifestly would have been entitled to recover the price. General Statutes, § 4729; *Home Pattern Co.* v. *Mertz Co., supra,* pp. 501, 502; *Lewis* v. *Scoville, supra,* p. 86.

The defendant contends, however, that since the contract was for six carloads, the plaintiff's right to such recovery is defeated because it did not appropriate, divert and deliver to the defendant the remaining four cars, which had not been diverted when the defendant's telegram was received, notwithstanding that telegram and defendant's subsequent reiteration of his statement that he would refuse to accept any of the coal. His first claim is that because the entire six cars were

not delivered at the same time, the defendant was justified in refusing to accept the two. Under § 4711 of the General Statutes, a buyer is not bound to accept delivery of goods by instalments "unless otherwise agreed," but it is plain from the terms and subject-matter of this contract that simultaneous delivery of all of the cars of coal was not contemplated by either party, and there is no indication in the record that this reason was advanced in justification of defendant's refusal to accept, until the filing of the reasons of appeal.

It is also claimed that the plaintiff's omission to divert further cars to the defendant is to be construed as an attempt to treat the contract as being in force as to the two carloads, but rescinded, by acquiescence in defendant's repudiation, as to the remaining four. This contention is answered by the nature of the action, which is brought under § 4729 of the General Statutes, for the price of the two carloads as sold and delivered, and not, under § 4730, for damages for non-acceptance of all or any part of the six carloads contracted for. The conduct of the plaintiff in refraining from the obviously futile gesture of offering delivery of the other four cars notwithstanding defendant's persistent attitude of refusal, amounted merely to a proper forbearance from an attempt to enhance damages. *Home Pattern Co.* v. *Mertz Co., supra,* p. 503.

There is no error.

In this opinion the other judges concurred.