[No. 20578.   Department Two.   June 29, 1927.]

C. H. LOWENTHAL COMPANY, *Appellant,* v. McCORMACK BROTHERS COMPANY, *Respondent.*[1]

[1] CORPORATIONS   (153) — REPRESENTATION — PERSONS   WHO   MAY REPRESENT CORPORATION.  Where an order for goods is made by the authorized agent of a department store corporation, it cannot be claimed that the company had no notice of it because its president was not informed.

[2] SALES  (79) — ACCEPTANCE OF GOODS — ACTS CONSTITUTING — DELAY IN MAKING OBJECTION.  Where an order for dress goods to be made up for defendant is given by an agent, "subject to confirmation," the shipment of the goods is an acceptance of the contract, and acceptance of the goods is a confirmation, precluding the defendant from rescinding after keeping the goods for two months, charged with notice of the tentative order by its agent.

Appeal from a judgment of the superior court for Pierce county, Remann, J., entered November 20, 1926,

[1]Reported in 257 Pac. 632.

upon findings in favor of the defendant, in an action on contract, tried to the court. Reversed.

*Robbins & Rickles,* for appellant.

HOLCOMB, J.—This appeal is here without any appearance on behalf of respondent or the benefit of any brief or argument in its behalf.

The action is one to recover the purchase price from respondent of a certain shipment of ladies' dresses amounting to $471.50. There is not much dispute in the facts and, where the evidence conflicted, the trial judge resolved the facts in favor of respondent.

On June 19, 1923, respondent's buyer, one Obendurfer, after inspection of samples of ladies' dresses furnished for that purpose by appellant's traveling salesman, gave a memorandum order, which Obendurfer himself prepared in full, for a number of ladies' garments. The memorandum was on the regular form carried by the traveling salesman of appellant and was written in triplicate. At the bottom of the memorandum, below the writing itself, were the words, in large print,

"These goods are cut according to your instructions. Therefore no cancellation or change will be accepted."

The styles, colors and prices of the garments selected were inserted by Obendurfer in the memorandum, and immediately below the same he wrote in the words "confirmation later." He wrote in shipping instructions, namely that the goods were to be shipped August 1, 1923, by express. Obendurfer retained one copy of the memorandum, and one was forwarded by the salesman of appellant to it at its place of business in Chicago. Thereafter, appellant shipped a portion of the dresses to respondent under date of July 17, 1923, and the remainder August 14, 1923. Both ship-

ments were received by respondent in due course a few days after the respective dates of shipment, were checked against the invoices thereof by employees of respondent, placed in the ladies' dress department, and two dresses, amounting to $74.06, were sold in the regular course of business. About two months after receiving the first shipment, respondent removed the unsold dresses from display and shipped them back to appellant. Appellant refused to accept the return of the goods, demanded payment of the entire amount delivered, and upon refusal, instituted this action.

Respondent answered appellant's complaint, and, after certain denials, affirmatively set forth that the memorandum order was subject to confirmation and that it was never confirmed; that the memorandum order was taken by its buyer Obendurfer to New York and no record thereof left with respondent at Tacoma; that the goods arrived during the absence of Obendurfer and were placed in stock and two dresses sold; that upon the return of Obendurfer to Tacoma in September, he discovered the goods on display and caused the same to be returned to appellant, with a check at the cost price for the two garments sold.

Appellant demurred to the affirmative matter in the answer, and its demurrer was sustained on the ground that the sale of a part of the goods constituted an act of ownership and amounted in law to an acceptance. Respondent thereupon amended its answer and alleged that it sent back to appellant the entire shipment received, making no reference to the check or any offer or tender of payment for the two garments sold, and in fact denied that any had been sold. Appellant replied, denying the affirmative matter in respondent's amended answer, and a trial was had, resulting in the dismissal of appellant's action, from which this appeal is prosecuted.

There was evidence, introduced on behalf of appellant, to the effect that upon receipt of the memorandum, it notified respondent of the receipt thereof and that the order would be "placed in work," and shipment made in due time according to the memorandum. No letter or copy of letter to that effect was produced, and respondent, through its principal officer, testified that no such acknowledgment of the order was ever received; that the first notice respondent had, in the absence of Obendurfer, was the arrival of the goods. There was also evidence on behalf of appellant that it never paid any attention to the words "subject to confirmation" or "confirmation later" upon such orders, that, upon receipt of such orders, it uniformly proceeded to prepare the goods for shipment according to the order.

Obendurfer, buyer for respondent, testified that, on July 22 he wrote appellant from New York, notifying it not to ship the goods described in the memorandum. Appellant denied that it ever received any such notice.

The court made a finding (Number 4) to the effect that the memorandum order was not intended to be a binding agreement of purchase; that respondent wrote cancelling the order; that appellant was not authorized to ship the merchandise described in such order; and that respondent offered or tendered payment for the items sold.

The court also made a finding (Number 5) that the shipments were received by mistake and that the respondent had no knowledge of the nature of the transaction; that respondent offered to return the shipments with due diligence and that appellant wrongfully refused to accept the return of the same.

Errors are assigned by appellant upon the making of the above findings 4 and 5 and the entering of conclusions of law and judgment in favor of respondent;

in refusing to make and enter findings of fact and conclusions of law proposed by appellant, in denying and refusing judgment in favor of appellant as prayed in its complaint; and in refusing to enter judgment for appellant in the sum of $74.06, the price of the two garments sold, with costs.

There can be no doubt that the court erred in refusing judgment for $74.06 for the two garments accepted and sold by respondent at the listed price of the goods, with costs.

[1] As to that part of finding Number 5 that the shipments were received by mistake and respondent had no knowledge of the nature of the transaction, that also is erroneous under any view of the facts. Obendurfer was the authorized buyer for respondent and had the management of the department for which the garments were purchased, or alleged to be purchased, subject to the superior control of Mr. James McCormack, one of the officers of the respondent. While Mr. McCormack had no knowledge of the alleged purchase, according to his testimony, nevertheless respondent must be bound by the knowledge of its authorized agent, Obendurfer. The fact that the goods arrived during the absence of Obendurfer should have put whoever remained in charge of respondent's business in that line upon notice of some kind of transaction under which the goods were delivered. If respondent did not desire to retain the goods, it was its duty not to receive them or put them on sale.

[2] Appellant contends that, since the goods were to be manufactured according to design or style, and it would require some three or four weeks to do so, of which respondent well knew, respondent could not withdraw the order or rescind the sale after the garments were made up and delivered. Appellant also contends that the evidence, taken as a whole, conclusively proves

that there was an express contract for the manufacture and purchase of the goods shipped.

We find the law to be as stated in 23 R. C. L. 1288:

"In case of orders for goods given to a traveling salesman of the seller, whose authority extends only to the solicitation of orders and the forwarding of them to his principal for acceptance or confirmation, it is well settled that the order or offer may be withdrawn at any time before it has been accepted by the seller. Although an order does not provide that it is subject to the seller's approval, and does provide that it is not subject to change or countermand, it, nevertheless, is held that it may be countermanded prior to its acceptance by the seller, where it is given to an agent whose only authority is to take orders and forward them to his principal for acceptance. . . . In the absence of a further showing of the intention of the parties, the better view seems to be that a letter acknowledging the receipt of an order coupled with the words 'the same shall have prompt attention' or 'prompt and careful attention' is not of itself an acceptance which will prevent a withdrawal of the order by the buyer or bind the seller to fill the order, though it may be evidence to be considered with other circumstances; . . ."

The writing forwarded to appellant was not a complete contract, and appellant was not justified in ignoring the words "confirmation later." This clause qualified and suspended all of the contract, including the printed clause at the bottom of the sheet, if it be granted that it was an integral part of the contract. The appellant was bound to take notice that something more was necessary in order to complete the contract and constitute a meeting of the minds of both parties. When received, it was what might be called a "contingent" contract. When the contingency happens, the minds of the parties meet as to all the terms which the contract expresses, and to write them over again would

be one of those useless acts which the law does not require. 13 C. J. 246 (Note 93a).

But while the contract was a contingent contract, it could become an actual or complete contract by the acts of the parties. The shipment of the goods by appellant was an acceptance of the contract by it. The acceptance of the goods or any part thereof by respondent was a confirmation of the contract by it. *Cuschner v. Pittsburgh-Hickson Co.,* 91 Wash. 371, 157 Pac. 879; 2 Mechem on Sales, § 1374. Upon a contract or a sale being consummated, neither party could rescind it without placing the other in *statu quo.* 13 C. J. 619, § 678; 13 C. J. 623, § 682; *Holt Mfg. Co. v. Strachan,* 77 Wash. 380, 137 Pac. 1006; *Cuschner v. Pittsburgh-Hickson Co., supra.*

Nor do we think that respondent diligently rescinded or attempted to rescind the sale after receiving the goods from appellant and holding the same for two months after the first and principal shipment, being bound by the knowledge and notice of its buyer and agent of the tentative order which had been forwarded.

We therefore conclude that the judgment is wrong and should be reversed, and judgment for the amount sued for, with costs, entered for appellant. It is so ordered.

MACKINTOSH, C. J., TOLMAN, and MAIN, JJ., concur.