No. 2626

Second Circuit

CYRUS W. SCOTT MFG. CO. v. STOMA

(April 5, 1929. Opinion and Decree.)

Lee and Bell, of Mansfield, attorneys for plaintiff, appellant.

Parsons and Colvin, of Mansfield, attorneys for defendant, appellee.

ODOM, J. Plaintiff sued defendant to recover $187.50, the amount alleged to be due for a bill of merchandise consisting of 1250 yards of brown domestic, at 15 cents per yard, alleged to have been sold and delivered to defendant.

The defense is that the order for the goods was placed with a salesman representing the plaintiff company, which order was conditioned upon the acceptance thereof by plaintiff, and that before the order was finally accepted and before the goods were shipped, said order was countermanded by defendant by letter.

It is further contended by defendant that even if the order had been accepted by plaintiff and the goods shipped previous to the receipt of the letter countermanding the order, plaintiff cannot recover for the reason that it made no effort to minimize the damage on account of the alleged breach of the contract.

There was judgment in the lower court rejecting plaintiff's demands, and it has appealed.

## OPINION

The testimony shows that on November 9, 1920, a salesman representing plaintiff called on defendant, who is a merchant in South Mansfield, and induced him to order one bale or bundle of brown domestic, containing 1250 yards, at 15 cents per yard. The order given the salesman for the goods shows on its face that the price of the goods was subject to the approval of plaintiff. Two days after the order was given, or on November 11th, defendant wrote plaintiff specifically countermanding the order, which letter was deposited in the United States mail. There is no testimony to show the exact date on which this letter was received by plaintiff; however, on November 15th, four days later, plaintiff wrote defendant that it had received his letter countermanding the order, but that same was received after the goods had been shipped, and that it could not, for that reason, cancel the order. Plaintiff's letter of the 15th was promptly received by defendant, who again wrote plaintiff, on November 17th, that he would not accept the goods as he had previously countermanded the order. There is no testimony in the record which tends to show that the goods were shipped out by plaintiff on November 15th, the same day on which plaintiff wrote its first letter to defendant. As there is no positive testimony in the record to show the exact date on which defendant's letter of the 11th was received by plaintiff, we think there is sufficient testimony to warrant the holding that the letter was received prior to the date on which the goods were shipped. The order which defendant gave for the goods was not an absolute sale for the reason that it was

given subject to the approval of plaintiff as to the price. Plaintiff did not at any time previous to the shipment of the goods notify defendant of its acceptance of the order; however, the order for the shipment of the goods became an agreement by acceptance when the goods were shipped, and we think it was not necessary for plaintiff to communicate its acceptance of the order to defendant under the circumstances of this case. But, as stated, the order was unquestionably subject to countermand or cancellation previous to the date of the shipment of the goods. As stated above, we think the testimony warrants the holding that the letter countermanding the order was received prior to the shipment, and therefore, the order never became binding upon the defendant.

If it be held, however, that defendant's cancellation of the order was not received by plaintiff prior to its acceptance by shipment of the goods, plaintiff cannot recover for the reason that it made no effort whatsoever to minimize the damage by disposing of the goods which defendant refused to accept and give him credit for the market price thereof.

"When a buyer breaches the contract of sale, the measure of damages which the seller is entitled to is the difference between the price stipulated in the contract and the market price at which the goods can be readily sold at the time and place of delivery; and it is the duty of the seller to minimize his loss by reselling the goods as soon as practicable after the buyer has refused to accept."
Mutual Rice Co. of La. vs. Star Bottling Works, Ltd., 163 La. 159 (164), 111 So. 661, 663. See also numerous authorities cited in said case.

Plaintiff had specific notice that defendant would not accept and pay for the goods; plaintiff should have taken the necessary steps to minimize its damage. Defendant refused to accept the goods and there is no testimony whatsoever to show just what final disposition was made of them. According to a notation on the freight bill, we conclude that the goods remained at the freight office in South Mansfield for quite a while. Whether they were shipped back to plaintiff does not appear.

It is also pertinent to state that the order given for the goods specified that they were to be delivered F.O.B. South Mansfield; whereas the goods were shipped at the expense of defendant. The acceptance of the order, therefore, was not in accordance with the proposal made by defendant.

We think the judgment appealed from is correct and it is accordingly affirmed, with costs in both courts.