[No. 23303. Department Two. December 1, 1931.]

PILLSBURY FLOUR MILLS, INC., *Appellant,* v. INDEPEND-
ENT BAKERY, INC., *Respondent.*[1]

*Udell & Bond,* for appellant.
*Geo. H. Mullins,* for respondent.

MILLARD, J.—On August 23, 1929, the defendant gave
to a traveling salesman of the plaintiff two written
orders for flour to be shipped by the plaintiff from
Portland, Oregon, and Minneapolis, Minnesota, to the
defendant, at Yakima, final delivery to be made on or
before January 1, 1930. Both orders, which are on
printed forms prepared by the plaintiff, were signed
by the plaintiff's traveling salesman and by the defend-
ant's president for the defendant. Both orders pro-
vide, as follows, that the contract shall not become
binding on the plaintiff until it confirms the contract
by letter or telegram:

"It is understood and agreed that there are no
promises, agreements, conditions, representations or
warranties, oral or otherwise, except as herein stated,
and that any modification of the printed provisions

[1]Reported in 5 P. (2d) 517.

hereof or any promises, agreements, conditions, representations, warranties, terms or provisions other than filling blanks with appropriate data, added hereto shall not be binding upon the seller unless agreed to and confirmed in writing in the name and on behalf of the seller by one of the seller's officers; and that there shall be no cancellation of this contract, except as herein provided for, and no assignment of this contract.

"If twenty (20) barrels or more of flour or five (5) tons or more of feed are specified above, this contract is not binding upon the seller until written confirmation by the seller is mailed or telegraphed to the buyer at the latter's address above given."

One of the orders was for fifteen hundred barrels of Four X Patent flour at seven dollars a barrel, delivered in Yakima. The other order was for four hundred and fifty barrels of whole wheat flour at seven dollars and thirty-five cents a barrel, f. o. b. Yakima. The plaintiff never confirmed by telegram or letter either order. However, the defendant accepted flour on both of the orders on three occasions, and the drafts attached to the bill of lading covering the shipments were paid by the defendant. On the order for fifteen hundred barrels, the defendant accepted deliveries as follows: October 8, 1929, one hundred and sixty-five barrels; December 7, 1929, two hundred barrels; January 14, 1930, one hundred barrels. On the order for four hundred and fifty barrels of whole wheat flour, the defendant accepted the following shipments: December 7, 1929, fifty barrels; January 14, 1930, thirty barrels; May 8, 1930, fifty barrels. Both orders provided that deliveries should be completed by January 1, 1930, with the option on the part of the plaintiff seller to extend the period thirty days at a time when it saw fit to do so. Under that option, the date of final delivery as to both orders was extended to June 30, 1930. In June, 1930, a shipment was made on each

of the two orders, but the defendant refused to pay the drafts or to receive the flour.

Alleging it had tendered, and that the defendant had refused to accept delivery of, the balance of 1,035 barrels of flour on the first order and 320 barrels of flour on the second order, plaintiff brought this action to recover for the damages suffered by defendant's breach of the contracts.

The cause was tried to the court, which found:

"That no written confirmation of said orders was ever sent, either by mail or by telegram directed to the defendant at the latter's address, or at all, confirming said orders, and there was no modification or waiver of the printed provisions of said orders in the name of and/or on behalf of said plaintiff, in writing, or at all, by any of its officers, or at all.

"That the plaintiff did not tender delivery of the flour to the defendant at Yakima, Washington, or at all."

Concluding that the two orders lacked mutuality and were unilateral and void, the court entered judgment dismissing the action. The plaintiff has appealed.

Counsel for respondent argues that an offer is unilateral and void, unless an acceptance of the same has been made, and that deliveries of some installments of the flour to the respondent was not an acceptance of the offer.

This appeal presents for determination only one question, which we state as follows:

Where an order for a quantity of goods to be delivered in installments is given to a salesman subject to the seller's written approval, does that order become a binding contract on the seller's delivery of a number of the installments, without communication by the seller to the buyer of acceptance of the order?

In *Lowenthal Co. v. McCormack Brothers Co.,* 144 Wash. 229, 257 Pac. 632, upon which appellant re-

lies, we quoted with approval the rule stated as follows in 23 R. C. L. 1288:

"In case of orders for goods given to a traveling salesman of the seller, whose authority extends only to the solicitation of orders and the forwarding of them to his principal for acceptance or confirmation, it is well settled that the order or offer may be withdrawn at any time before it has been accepted by the seller. . . . When the order provides that it shall only be considered binding on the seller when signed by one of its officers it remains unilateral until so signed and may be withdrawn at any time."

There the order was subject to confirmation of the buyer. The goods were delivered to the buyer, and were accepted by the buyer. Two months later, after selling a portion of the goods, the buyer returned the remainder of the goods to the seller. We held that

" . . . while the contract was a contingent contract, it could become an actual or complete contract by the acts of the parties. The shipment of the goods by appellant was an acceptance of the contract by it. The acceptance of the goods or any part thereof by respondent was a confirmation of the contract by it." .

That case is not necessarily controlling. There all of the goods were delivered. All of the articles were accepted, and no attempt was made to reject the goods until same had been in possession of the buyer two months, and two of the articles sold by the buyer. The authorities are uniformly to the effect that, if an order for goods is given to a salesman subject to the seller's approval, the order becomes a binding contract if all of the goods ordered are shipped to and accepted by the buyer without communication by the seller to the buyer of the confirmation or acceptance of the order. *Scott Mfg. Co. v. Stoma,* 10 La. App. 469, 121 South. 335; *Hercules Mfg. Co. v. Wallace,* 124 Miss. 27, 86 South. 706.

*Royal Dairy Products Co. v. Spokane Dairy Products Co.,* 129 Wash. 424, 225 Pac. 412, cited by respondent, is not in point. In that case, the order for fifty barrels of skim milk powder was "subject to confirmation." None of the barrels of powder was shipped, nor was the order confirmed.

The provision that the order was not binding upon the seller until written confirmation by the seller was transmitted to the buyer, could be waived the same as any other condition of a contract. It could be modified or abrogated by agreement, express or implied, of the parties. The writing signed by appellant's salesman and by respondent did not constitute a contract between the parties for the sale of the flour, for the reason that the order, under its express terms, was subject to confirmation by appellant. The writing was merely a proposal, which was not binding on either party, and which might have been withdrawn at any time before confirmation by appellant. However, written confirmation could be waived by the appellant.

The respondent had the right to cancel the agreement or offer at any time before it received a benefit thereunder, or before the appellant suffered legal detriment on its part by performance of the terms of the proposal. Nor was the proposal binding on the appellant until·in writing it confirmed or accepted the order or commenced the deliveries of the goods prior to rejection by the respondent of the proposal. Though the appellant was not bound until it had in writing accepted the order, it waived the condition of written acceptance when it shipped the goods. That was as unequivocal an acceptance as a written confirmation of the order.

In *Hercules Mfg. Co. v. Wallace,* 124 Miss. 27, 86 South. 706, it was held that the shipping of goods ordered on a written form constitutes an acceptance

of the contract, although the order expressly provided that it would become a contract "upon the acceptance by the dealer in the space below," and the seller never wrote in an acceptance. In *Wales Adding Machine Co. v. Huver*, 98 N. J. L. 910, 121 Atl. 621, it was held that a condition requiring acceptance in writing may be waived by the seller where it is for his benefit; that the provision, "Nothing but acceptance in writing at the vendor's home office shall constitute the acceptance of this order by the vendor," was for the benefit or protection of the vendor, so that it could waive it and work a valid acceptance by acting on the order. See, also, *Pratt-Gilbert Co. v. Renaud*, 25 Ariz. 79, 213 Pac. 400.

If all of the goods ordered are to be delivered in one shipment, the acceptance of all of those goods by the buyer, though the seller failed to communicate in writing (as by the order required) to the buyer confirmation or acceptance prior to delivery, the order becomes a binding contract. *Lowenthal Co. v. McCormack Brothers Co., supra; Scott Mfg. Co. v. Stoma, supra; Hercules Mfg. Co. v. Wallace, supra.*

Of course, the buyer would not be bound to accept delivery by installments unless he agreed to do so.

"Unless otherwise agreed, the buyer of goods is not bound to accept delivery thereof by installments." Rem. 1927 Sup., § 5836-45.

However, where, as in the case at bar, the offer clearly recites that a simultaneous delivery of all the goods was not contemplated by the parties, the buyer cannot urge the failure to deliver all the goods at the same time in justification of his refusal to accept the goods. *Lynn M. Ranger, Inc. v. Gildersleeve*, 106 Conn. 372, 138 Atl. 142.

The contracts were for delivery by installments. One contract was for the shipment of fifteen hundred

barrels of flour; the other for four hundred and fifty barrels of flour. It was not contemplated —in fact, it was agreed otherwise—that all of the flour would be delivered in one shipment. Under that arrangement, as soon as one installment of flour was delivered and accepted the contracts became binding on the parties. Thereafter, the appellant was bound to perform by delivering the remainder of the flour called for in the contracts. A corresponding obligation was imposed upon the respondent of accepting the remainder of the flour under the contract. Failure of performance on the part of either would entitle the other party to recover for the damages suffered by the breach of the contract.

The appellant is entitled under the general rule to recovery in an amount equal to the difference between the contract price and the market price of the flour the respondent refused to accept. There was no proof of resale or carrying charges. As stipulated by the parties at the time of the trial of the cause, appellant's recovery is limited to the amount ($2,044.75—1,035 barrels at $1.45 a barrel and 320 barrels at $1.70 a barrel) for which it prayed, less forty-two cents a barrel on all undelivered portions of the orders and five cents on each barrel per month from June 18th to June 30th.

The cause is remanded, with direction to enter judgment accordingly.

TOLMAN, C. J., MAIN, and BEALS, JJ., concur.

HOLCOMB, J. (dissenting)—These orders made by respondent to the traveling salesman of appellant were never confirmed by appellant except by shipping partial lots at various times. The orders were for a commodity selling on the market in ordinary business, and not for articles to be manufactured upon the special

order of the buyer, as was the case in *Lowenthal Co. v. McCormack Brothers Co.,* 144 Wash. 229, 257 Pac. 632. The orders, however, also contained the stipulation that the commodity was to be taken as wanted. As the trial court found, there never was any written confirmation by appellant, the seller, of the orders, nor was there any tender made by appellant of the delivery of the flour to respondent at Yakima, or at all.

Under the orders in suit, and the circumstances surrounding the transaction, there was an acceptance by appellant of the orders only to the extent of the goods shipped, for which, of course, respondent was liable and did pay.

· For these reasons, the judgment should be affirmed, and I dissent.