This is a suit in which plaintiff claims damages in the sum of $540.00 alleged to be due on a breach of contract by defendant. There was judgment for plaintiff as prayed for, from which judgment defendant appeals. *Page 170 
The facts appear to us to be very plain and are conclusively established with practically no conflict save on one or two minor points.
Plaintiff is a manufacturer of women's hose and defendant operates a retail merchandise establishment in the City of Alexandria. On July 22, 1946, defendant, through its brokers and agents in New York, placed an order with plaintiff for 60 dozen pairs of silk hose at a price of $30.00 per dozen, to be shipped in lots of 15 dozen each in the months of September, October, November and December of said year, "or sooner". The first lot of 15 dozen pairs was shipped to, received and paid for by defendant at the agreed price, notwithstanding the fact that the shipment was not actually made in September but in the month of October. No complaint was made by defendant as to the delay in shipment, but on October 26th, defendant notified its New York brokerage office to cancel the remainder of the order. The direction to cancel was based upon the claim that the hose were of a "very poor quality for the price of $30.00". Plaintiff refused to accept cancellation of the order, but, during the course of some considerable correspondence with defendant, it did cancel the 15 dozen order for October delivery under the original agreement. Failing in its efforts to adjust the matter with defendant, and after receiving advice from the defendant that it would refuse to accept further shipments, plaintiff sold the 30 dozen pairs of hose, representing the undelivered balance of defendant's order, on the open market for $12.00 per dozen. In this action plaintiff claims the difference between the agreed price of $30.00 per dozen and the amount actually realized by its open market sale, or a net of $18.00 per dozen, amounting to $540.00.
A material point bearing upon the decision of this matter, and one which is incontrovertibly established by the record, is the fact that the market for silk hose sharply declined in the late summer and fall months of 1946. Nylon hose, which had been almost totally unprocurable except in black market circles, began to come back on the market, and the understandable preference of the female sex for this product was immediately reflected. Silk hose became a drug on the market.
Defendant rests its resistance to plaintiff's demands on three points — poor quality of the merchandise, incorrect shade, and failure to make timely shipments of the October lot of 15 dozen.
It is obvious that defendant's objections as to color and time of delivery are afterthoughts, since neither of these objections was made at any time prior to the filing of the suit. In written reasons for his opinion the learned Judge of the district court reached the same conclusion. We therefore unhesitatingly eliminate these points as having any proper bearing upon the matter at hand.
The only objection consistently urged by defendant from the very beginning, that is from the date of its attempt to cancel the order on October 26, 1946, was on the ground of the alleged poor quality of the hose. This complaint is overwhelmingly controverted by the evidence in the record. It is established that plaintiff made sales of hundreds of dozens of pairs of hose to outstanding merchandising establishments in this, as well as other sections of the country. The record shows that Maison-Blanche of New Orleans ordered and received five or six hundred dozen, and that Weiss and Goldring in Alexandria ordered and received 125 dozen pairs of the same hose. The record is replete with testimony to the effect that the quality of the hose was as good or better than any comparable product, and, consequently, we can only conclude that defendant has utterly and completely failed to establish this ground of objection to any degree whatever.
The true picture is clearly reflected by the record, and the experience of the buyers of silk hose during this period was uniformly the same, to the extent that they were forced to take a substantial loss on their purchases for the reason which is above expressed in this opinion.
The established facts conclusively evidence plaintiff's right to recover, and, accordingly, the judgment appealed from is affirmed at appellant's cost. *Page 171