KENNON, Judge.
This is a suit to recover from defendant $270.20 allegedly due plaintiff as the price of ten dozen pairs of ladies’ silk hose sold and delivered to defendant.
Defendant in answer admitted placing an order for the hosiery in October, 1946, but set forth that delivery did not occur until the latter part of November; that in the meantime, the price of merchandise of this character had declined and purchase of similar merchandise had been made from other sources, and that the hose had con *193 sequently been returned to the. plaintiff company.
The District Court rendered judgment rejecting the demand for the full price of the hose, hut reserved to plaintiff the right to claim damages based upon the difference between the purchase price and the value of the merchandise on the date of its return. Plaintiff has appealed.
Defendant in October, 1946 signed an order for the merchandise which had not been canceled prior to its shipment on November 21, 1946. Therefore, there was. a valid contract of sale existing between the parties at the time the merchandise was received by defendant. We further find that defendant’s return of the order to plaintiff on December 20, 1946 was without plaintiff’s authorization.
We agree' with counsel that plaintiff in the case before us is entitled to recover damages against defendant for breach of the contract by virtue of the buyer’s unauthorized return of the shipment. The measure of damages where there has been a breach of the contract of sale is the difference in the price stipulated in the contract and the market price at which the goods can be readily sold. Cyrus W. Scott Mfg. Co. v. Stoma, 10 La.App. 469, 121 So. 335.
This rule was recently applied by this Court to the breach of a contract to purchase silk hose in the case of Prestige, Inc., v. Schwartzberg, Inc., 38 So.2d 169. Plaintiff cites the case in brief, quoting the syllabus as follows: “Where buyer attempted to cancel order for silk hose on ground that the hose was of poor quality, but the quality of the hose was as good as or better than any comparable product, and real reason was that market for silk hose had sharply declined, seller was entitled to recover damages for breach of contract for buyer’s refusal to accept shipments of the hose.”
Since the record does not contain evidence of what the value of the merchandise was at the time of its return to plaintiff, we agree with the District Court that the proper judgment was to reject plaintiff’s demand for the full purchase price, reserving to it the right to recover in a separate action the difference between the contract price and the value of the merchandise at the time of its return to the seller.
The judgment appealed from is affirmed. Costs of the District Court to be borne equally by the parties; costs of appeal to be borne by appellant.